# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | Case No. 07 CR 410 |
| v. | Judge Harry D. Leinenweber |
| **MARK THOMAS,** | |
| Defendant. | |

# ORDER

Defendant Mark Thomas' Motion for a Reduction of Sentence Under 18 U.S.C. § 3582(c)(2) [ECF No. 1276] is denied.

# STATEMENT

Before the Court is Defendant Mark Thomas' Motion for a Reduction of Sentence Under 18 U.S.C. § 3582(c)(2) [ECF No. 1276]. Thomas argues that he is entitled to a reduced sentence in light of Amendment 782, in which the Sentencing Commission retroactively reduced the guideline ranges for quantity-based drug offenses. For the reasons stated herein, Defendant's Motion is denied.

In June of 2009, Thomas pleaded guilty to his role in a drug conspiracy and was sentenced in April 2013. At his sentencing hearing, the Court assigned a base offense level of 34, which was then decreased by five levels, resulting in a combined offense level of 29. Thomas' prior conduct placed him in Criminal History Category I, which resulted in a guideline sentencing range of 87-108 months imprisonment. The Court, however, ultimately departed from the guideline range and sentenced Thomas to 48 months' imprisonment.

Amendment 782 is one of the many recent amendments to the Sentencing Guidelines and became effective on November 1, 2014. The Amendment lowered the Drug Quantity Table for § 2D1.1 of the Sentencing Guidelines by two levels. This decrease applies retroactively, thus defendants who were sentenced under § 2D1.1 before November 1, 2014 may nonetheless be eligible for sentence reductions. U.S.S.G. § 1B1.10(d), (e)(1); *see, United States v. Hayden,* 775 F.3d 847, 850 (7th Cir. 2014).

The Government acknowledges that Amendment 782 applies to Thomas, and that if sentenced today his guideline range would be 70-87 months. But the Commission has clearly stated that a district court may not "reduce the defendant's term of imprisonment under [§ 3582] and this policy statement to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2); *see also, Dillon v. United States,* 560 U.S. 817, 826 (2010)(stating that Congress gave the Sentencing Commission the exclusive authority to determine by how much a previously imposed sentence may be reduced). Put simply, the Court cannot adjust Thomas' sentence to anything lower than the amended minimum guideline range — 70 months. The Court originally sentenced Thomas to 48 months — a term well below the amended minimum guideline sentence of 70 months. Therefore, the Court cannot reduce Thomas' sentence any further.

For these reasons, the Court denies Thomas' Motion for a Reduction of Sentence.

_____
Harry D. Leinenweber, Judge
United States District Court

Dated:11/5/2015